## DRANE *v.* MILLER.

HILL, J. Under the allegations of the petition the plaintiff set out a cause of action for equitable relief, and the court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed.　All the Justices concur.*

No. 4249. DECEMBER 19, 1924.

Equitable petition. Before Judge Munro. Marion superior court. January 12, 1924.

Mrs. Lula J. Miller brought an equitable action in the superior court of Marion County against Mrs. Irene Drane, as administratrix of Eugene Drane, deceased, and Albert G. Drane and prayed for an injunction to prevent Albert G. Drane from recovering a judgment in a suit pending in said court in the case of Albert G. Drane v. Mrs. Irene Drane, as administratrix of Eugene Drane, deceased, on a certain promissory note; also to have surrendered up and canceled a certain deed executed by Eugene Drane to Albert G. Drane, in order to remove the cloud on the title of Mrs. Lula J. Miller to the land in question, and on which Albert G. Drane is seeking a special judgment, and to enjoin the latter from setting up a special lien on the land. It was also alleged in the petition that the note given by Eugene Drane to Albert G. Drane had been paid in full. The court granted a temporary restraining order. The defendant filed general and special demurrers and an answer to the petition. Plaintiff amended her petition, alleging that the estate of Eugene Drane was and is insolvent, and that the note sued upon had entries of credit on the same in the handwriting of Albert G. Drane, showing that the same had been paid, and the note was marked paid by him; and also the original deed from Drane to Albert G. Drane, which was given as security for the note, with an order of cancellation signed by Albert G. Drane, attached to the deed. It was also alleged that Eugene Drane in his lifetime executed a deed to the plaintiff as security for a debt due to her; that the deed contained a power of sale, and that the plaintiff exercised that

power and had the land sold according to the authority granted, and purchased the land in controversy at the sale. The grounds of the demurrer were, that the plaintiff's petition set out no cause of action against the defendant for equitable relief, and that plaintiff has a complete and adequate remedy at law; and further, that the petition shows no ground of fraud and collusion and no reason for the cancellation of the deed. The court overruled the demurrer, and the defendant excepted.

*J. J. Dunham* and *W. D. Crawford*, for plaintiff in error.
*Ellis, Webb & Ellis* and *W. B. Short*, contra.